RECEIVED
IN LAKE CHARLES, LA

MAR - 7 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLIN FONTENOT** | : | **DOCKET NO. 05 CV 352** |
| VS. | : | **JUDGE MINALDI** |
| **GLOBAL EXPERTISE IN OUTSOURCING, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

IT IS ORDERED that Marlin Fontenot's Motion for a New Trial and/or To Alter or Amend Judgment [doc. 12] IS DENIED.

As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under §1983 ... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." § 1997 e (a). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Fontenot, through the introduction of the affidavit by Boyd Schleve, attempts to assert that because he is illiterate, he could not have timely filed for administrative remedies. In *Ferrington v. Louisiana Department of Corrections*, the inmate alleged, among other things, that he should be excused from exhausting his administrative remedies because he was blind. 315 F.3d 529, 532 (5th Cir. 2002). Finding that Ferrington's alleged blindness did not prevent him from filing a §1983 suit, appealing a disciplinary hearing, or filing other grievances, the court concluded that such blindness

could not have prevented him from exhausting available administrative remedies. *Id.* at 532. Likewise, Fontenot's alleged illiteracy did not prevent him from filing his §1983 suit, or in obtaining an affidavit from Schleve. Although one inmate advocate may have refused to assist him, other advocates were admittedly available. *See Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003).

The applicable limitations period for claims brought under 42 U.S.C.A. § 1983 is governed by state law. *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Accordingly, Louisiana's one-year statute of limitations period applies to Fontenot's claim. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Fontenot's claim has prescribed. Equitably tolling the statute of limitations while he seeks an administrative remedy will not revive that which has expired.

Lake Charles, Louisiana, this 6 day of February, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE